```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                              Case No. 14-01979-RNO
John Frederick Ruby, Jr                                             Chapter 13
          Debtor              CERTIFICATE OF NOTICE

District/off: 0314-1          User: CGambini              Page 1 of 1              Date Rcvd: Mar 28, 2017
                              Form ID: 3180W              Total Noticed: 15
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 30, 2017.
```
db            +John Frederick Ruby, Jr,   370 Lakeview Drive,   York, PA 17403-4815
4482138      ++COLUMBIA GAS,   290 W NATIONWIDE BLVD 5TH FL,   BANKRUPTCY DEPARTMENT,   COLUMBUS OH 43215-4157
               (address filed with court:  Columbia Gas,    P.O. Box 742537,    Cincinnati, OH 45274-2537)
4482141       +Lana L. Ruby,    12 Crest Hill,   Red Lion, PA 17356-7835
4510469       +M&T BANK,   c/o KML Law Group, P.C.,   701 Market Street, Suite 5000,
                Philadelphia, PA 19106-1541
4482145        Met Ed,   76 S. Main Street,   A-RPC,   Akron, OH 44308-1890
4482144        Met Ed,   P.O. Box 3687,   Akron, OH 44309-3687
4482146        Met Ed A FirstEnergy Company,   331 Newman Springs Road,   Building 3,
                Red Bank, NJ 07701-5688
4482147        New Cumberland FCU,   P.O. Box 658,   New Cumberland, PA 17070-0658
4482148        New Cumberland FCU,   345 Lewisberry Road,   New Cumberland, PA 17070-2306
4482149       +Steven Howell, Esquire,   619 Bridge Street,   New Cumberland, PA 17070-1933
4482150       +The York Water Company,   130 East Market Street,   P.O. Box 15089,   York, PA 17405-7089
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4482140        E-mail/Text: bankruptcy@fult.com Mar 28 2017 18:59:27     Fulton Bank,   1695 E. State Street,
                East Petersburg, PA 17520-1328
4482139        E-mail/Text: bankruptcy@fult.com Mar 28 2017 18:59:27     Fulton Bank,   1 Penn Square,
                P.O. Box 4887,   Lancaster, PA 17604-4887
4482143        E-mail/Text: camanagement@mtb.com Mar 28 2017 18:58:56     M&T Bank,   1100 Wherle Drive,
                Buffalo, NY 14221-7748
4482142        E-mail/Text: camanagement@mtb.com Mar 28 2017 18:58:56     M&T Bank,   P.O. Box 1288,
                Buffalo, NY 14240-1288
                                                                                               TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4544357*     ++COLUMBIA GAS,   290 W NATIONWIDE BLVD 5TH FL,   BANKRUPTCY DEPARTMENT,   COLUMBUS OH 43215-4157
               (address filed with court:  Columbia Gas of PA Inc,    PO Box 117,    Columbus, OH  43216)
                                                                                TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 30, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 28, 2017 at the address(es) listed below:
```
              Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              John F Goryl    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
              Joshua I Goldman    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Steven M. Carr    on behalf of Debtor John Frederick Ruby, Jr stevecarr8@comcast.net,
               njdodson@comcast.net
              Thomas I Puleo    on behalf of Creditor   M&T BANK tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 6
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **John Frederick Ruby Jr** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–7938 <br> EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **1:14–bk–01979–RNO** | | |

# Order of Discharge                                                                                                  12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   John Frederick Ruby Jr

**By the court:**

March 28, 2017

Honorable Robert N. Opel
United States Bankruptcy Judge

By: CGambini, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

   ♦ debts that are domestic support obligations;

   ♦ debts for most student loans;

   ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                              **Chapter 13 Discharge**                              page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**